IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

**JERMAINE THOMPSON**
1012 West 1st Street
Grindstone, PA 15442

    Plaintiff,

v.

**PENNATRONICS**
75 Technology Drive
Coal Center, PA 15423

    Defendant.

JURY TRIAL DEMANDED

CASE NO.   2:22-cv-953

---

## CIVIL ACTION COMPLAINT

AND NOW Plaintiff, Jermaine Thompson, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act and its 2008 amendments ("ADA"), the Family Medical Leave Act and the Pennsylvania Human Relations Act ("PHRA"), have been violated and avers as follows:

### I.   PARTIES

1. Plaintiff, Jermaine Thompson, hereinafter ("Plaintiff" or "Thompson"), is an adult individual with a mailing address of 1012 West 1st Street, Grindstone, PA 15442.

2. Defendant, Pennatronics, hereinafter ("Defendant") owns and operations a location at 75 Technology Drive, Coal Center, PA 15423, where Plaintiff was employed.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## II. JURISDICTION

4. This action is instituted pursuant to the Americans with Disabilities Act, the Family Medical Leave Act, the Pennsylvania Human Relations Act and applicable federal and state law.

5. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

6. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims in this Judicial District.

7. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of the Dismissal and Notice of Rights to Sue issued by the EEOC).

## III. FACTS

8. Plaintiff began his employment as a directly hired employee with Defendant on August 12, 2019.

9. Plaintiff was hired as a Mechanical Assembler. Mr. Thompson performed all duties asked of his without any complaints or issues.

10. Mr. Thompson worked for about one year before he started experiencing issues with hypertension. When Mr. Thompson told Pennatronics about his condition, they stopped giving him overtime and gave it to other people instead.

11. Prior to Mr. Thompson disclosing his diagnoses of hypertension, he was getting about 12 hours of OT biweekly. Mr. Thompson was on probation for six months because of

attendance for missing work due to his hypertension even though he had doctor's notes excusing his time off which he had provided to Julie in Human Resources.

12. On or around August 13, 2021, Mr. Thompson suffered a mini-stroke. Mr. Thompson told Julie beforehand that he wasn't feeling well, and he thought that his blood pressure was up.

13. Mr. Thompson went to the hospital, and after the test, they believed that he had suffered a stroke. Mr. Thompson left the hospital and then went into work the next day.

14. When he came back into work, he spoke to Julie and told her that he wasn't feeling well because the previous day he had suffered a stroke and she told him that if he left he would be suspended/terminated.

15. He provided Julie a copy of his doctor's note which excused him from work from 8/13/21 through 8/16/21.

16. Pennatronics made him work the whole day and at the end of the day they had him attend a meeting with HR Jim Dillinger, Julie and Vice President, Dave Spehar. Mr. Thompson was told him that he was going to be suspended/terminated.

17. Mr. Thompson asked during this meeting if he could take FMLA leave. He was told that he should have put in for FMLA and Julie and Dave said they would look into it and get back to him as soon as possible.

18. A week and a half later Mr. Thompson received a termination letter saying that he was terminated due to attendance and because he didn't call to check on his job. Mr. Thompson was terminated for missing work while under a doctor's care.

## IV. CAUSES OF ACTION

### COUNT I –
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT

## DISCRIMINATION
### (42 U.S.C.A. § 12101 et seq)

19..    Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

20.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

21.     Plaintiff is qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

22.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

23.     At all times material hereto, Plaintiffs had qualified disabilities, as described above.

24.     Plaintiff's hypertension and resulting stroke substantially limited one or more of his major life activities, including, caring for himself, eating, sleeping, standing, lifting, bending, concentrating, thinking and working.

25.     Defendant's conduct in terminating Plaintiff's is an adverse action, was taken as a result of his disabilities and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

26.     Defendant failed to engage in an interactive discussion of Plaintiff's disabilities and failed to reasonably accommodate his disabilities.

27.     As a proximate result of Defendant's conduct, Plaintiffs sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiffs

have also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

28. As a result of the conduct of Defendant's owners/management, Plaintiffs hereby demand punitive damages.

29. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiffs demand attorneys' fees and court costs.

### COUNT II-
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
### (42 U.S.C.A. § 12101 et seq)

30. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

31. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based his exercising his rights under the Americans with Disabilities Act.

32. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

33. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

34. As set forth above, Plaintiff engaged in protected activity when he requested accommodations for his disability.

35. Defendant failed to engage in the interactive process after Plaintiff told Defendant that he needed medical accommodations.

36. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

37. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

38. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

## COUNT III-
## VIOLATION OF FMLA— INTERFERENCE
## (29 U.S.C. §2601 et seq.)

39. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

40. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

41. As described above, Defendant interfered with, restrained and denied Plaintiff's exercise and/or attempts to exercise his rights under the Family and Medical Leave Act.

42. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

43. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

44. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorney's fees and court costs.

## COUNT IV
## VIOLATION OF FMLA
## RETALIATION
## (29 U.S.C. §2601 et seq.)

45. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

46. As set forth above, Plaintiff was entitled to and qualified for medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

47. Defendant's motivation in terminating Plaintiff's employment was based, in part, upon his taking permissible FMLA leave.

48. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

49. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

50. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys' fees and court costs.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, Jermaine Thompson demands judgement in his favor and against Defendant, Pennatronics, in an amount in excess of $150,000.00 together with:

A. Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B. Punitive damages;

C. Treble damages;

D. Attorney's fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

Date: June 29, 2022                    **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:  __/s/Mary LeMieux-Fillery, Esq.__
Mary LeMieux-Fillery, Esq., PA ID No.  312785
1500 JFK Blvd., Suite 1240
Philadelphia, PA 19063
Telephone: 267-546-0132
Telefax: 215-944-6124
maryf@ericshore.com
*Attorneys for Plaintiff Jermaine Thompson*

## VERIFICATION

I, <u>Jermaine Thompson</u>, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

Date: 06/29/22            BY: _[Electronically Signed via Nintex AssureSign® — 2022-06-29 18:15:29 UTC - 146.168.223.186 — ef4f64f-7f5e-465a-9330-aec301264de4]_
                              Jermaine Thompson